OPINION
{¶ 1} Defendant-appellant Frank Nation appeals the decision of the Jefferson County Common Pleas Court finding him voluntarily underemployed for purposes of formulating his monetary child support obligation. The issue in this appeal is whether the trial court's decision resulted in an abuse of discretion. For the reasons stated below, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} In April of 1998, Frank Nation and Andrea Nation divorced. At that time, Frank was working for ADP, Inc. and earning approximately $14 per hour as a banking representative. In 2001, he voluntarily quit that job. At the time of the hearing before the trial court, Frank was working for a local florist earning $6 per hour and working 40 hours per week.
 {¶ 3} From the record it appears that Frank was fairly current on his child support payments from July 1997 (complaint for divorce was filed at the end of June 1997 and support began in July 1997) until the end of December 2000. For instance, for the year of 1998, he had a positive balance of $45.08 (he had paid more child support than required). At the end of the year in 1999, he had arrears in the amount of $5.59. At the end of the year in 2000, he had a positive balance of $0.29. However, in the year 2001 his arrears grew. By the end of 2001, he owed $1,621.24; at the end of 2002, he owed $4,051.52.
 {¶ 4} As a result of the arrearages, a judgment entry was issued on May 14, 2002. This judgment entry stated that Frank was to pay $495.76 per month in child support and an additional $99.15 toward the arrears.
 {¶ 5} On September 3, 2003, the Jefferson County Child Support Enforcement Agency (CSEA) received a request for review from Frank. CSEA reviewed the support obligation and changed it to $217.19 per month.
 {¶ 6} CSEA then received a request for a Modification Hearing. The hearing was held on February 23, 2004. Evidence was presented that Frank was employed at a florist, working 22 hours per week at around minimum wage. CSEA imputed income to him at full time minimum wage. Considering all other circumstances, Frank's support obligation was changed to $258.72 per month plus processing fees. An administrative modification hearing decision was issued on March 4, 2004. Due to that decision, Andrea requested a court hearing.
 {¶ 7} An oral/evidentiary hearing was held on August 2, 2004, before the common pleas court. 08/10/04 J.E. Evidence and arguments were presented at this hearing. 08/10/04 J.E. Furthermore, the trial court permitted the parties to file post trial briefs. 08/10/04 J.E. CSEA, in its post trial brief, requested that the trial court find Frank voluntarily underemployed and impute income to him at his potential earning as a banking representative at no less than $14 per hour.
 {¶ 8} On September 20, 2004, the trial court issued its ruling. It determined that the Administrative Modification Hearing Decision which increased Frank's support obligation from $217.19 per month to $258.72 per month plus processing fees should be modified. 09/20/04 J.E. The trial court then found Frank voluntarily underemployed and imputed an annual income of $29,120 to him for purposes of computing his monetary child support obligation. 09/20/04 J.E. It then modified that child support payment from $258.72 per month to $562.55 per month plus processing fees. 09/20/04 J.E. Frank timely appeals from that decision.
 ASSIGNMENT OF ERROR {¶ 9} Frank's brief does not follow the appellate rules of procedure in that it does not list an assignment of error or an argument containing citations to authorities, statutes, or parts of the record that support his position. App.R. 16(A)(3) and (7). However, this failure does not prevent us from addressing his argument or determining the case.
 {¶ 10} The argument made in his seven page brief is that the trial court's determination that he is voluntarily underemployed was an incorrect determination. Accordingly, he contends that this court should overturn the trial court's modification of his support obligations.
 {¶ 11} Whether a parent is voluntarily underemployed and the amount of potential income to be imputed are matters to be determined by the trial court in light of the facts and circumstances of each case. Rock v. Cabral (1993),67 Ohio St.3d 108. Thus, we will not reverse a trial court's determination that a parent is voluntarily underemployed unless we find that the trial court abused its discretion in coming to that determination. Id. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 12} Statutory factors to be considered as to imputed income are stated in R.C. 3119.01(C)(11)(a):
 {¶ 13} "`Potential income' means both of the following for a parent who the court pursuant to a court support order, or a child support enforcement agency pursuant to an administrative child support order, determines is voluntarily unemployed or voluntarily underemployed:
 {¶ 14} "(a) Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the following criteria:
 {¶ 15} "(i) The parent's prior employment experience;
 {¶ 16} "(ii) The parent's education;
 {¶ 17} "(iii) The parent's physical and mental disabilities, if any;
 {¶ 18} "(iv) The availability of employment in the geographic area in which the parent resides;
 {¶ 19} "(v) The prevailing wage and salary levels in the geographic area in which the parent resides;
 {¶ 20} "(vi) The parent's special skills and training;
 {¶ 21} "(vii) Whether there is evidence that the parent has the ability to earn the imputed income;
 {¶ 22} "(viii) The age and special needs of the child for whom child support is being calculated under this section;
 {¶ 23} "(ix) The parent's increased earning capacity because of experience;
 {¶ 24} "(x) Any other relevant factor."
 {¶ 25} The journal entry in this case clearly sets forth the trial court's finding that Frank is voluntarily underemployed. However, given the record before this court, we are unable to review the trial court's ruling for potential error because the record is not complete. The record in this case shows that an evidentiary hearing was held before the trial court on August 2, 2004. At this hearing, arguments were made by Andrea, Frank and CSEA. 08/10/04 J.E. Yet, the record in this case does not contain a transcript of that proceeding.
 {¶ 26} As the appellant, it is Frank's obligation to have a transcript of the August 2, 2004 hearing prepared and made a part of the record for appellate review. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197. A transcript is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record. See State v. Skaggs (1978), 53 Ohio St.2d 162, 163. This principle is embodied in App.R. 9(B), which states in relevant part:
 {¶ 27} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."
 {¶ 28} In order to determine whether the trial court abused its discretion when it determined that Frank was underemployed, this court must be able to review the arguments that were made to the trial court for and against such a finding. Furthermore, this court must also be able to review the facts that the trial court considered when making its determination. A determination of voluntary underemployment is a highly fact based determination. Thus, the transcript of this proceeding is imperative for our review. Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon. As appellant cannot demonstrate those errors, the court has no choice but to presume the validity of the lower court's proceedings. Knapp,61 Ohio St.2d 197.
 {¶ 29} However, even if this court was to review the incomplete record and address the argument on the merits, we still could not find, from the record presented, that the trial court abused its discretion in finding Frank was underemployed. From the record it can be gleaned that in 2001 Frank quit his job with ADP, Inc. where he was making $14 an hour as a banking representative. Frank's brief indicates that he quit this job because he was making an insufficient amount to pay all of his obligations, living expenses and support obligations. He blames this on his ex-wife's claim of child care expenses and her delinquency in paying the car payment, which according to him affected the amount of interest he was required to pay on a car he had to purchase. Therefore, he left his employment with ADP, Inc. to go into business with a friend (where he thought he would make more money so that he could meet all his monetary obligations). Then the terrorist attacks on September 11, 2001, occurred and his business fell through. The record indicates that from that time on, he worked part time jobs.
 {¶ 30} His reasons for quitting the security of ADP, Inc. and taking the risk of going into business for himself, plays no part in the determination of whether potential income is to be imputed to him. See Rock, 67 Ohio St.3d 108 (stating a "parent's subjective motivations for being voluntarily unemployed or underemployed play no part in the determination of whether potential income is to be imputed to that parent in calculating his or her support obligation"). The primary design and purpose of the support statute is to protect and ensure the best interests of children. Id. Frank intentionally made the decision to quit the security of ADP, Inc. to take the risk of going into business for himself. Furthermore, nothing in the record before us suggests that he has tried to regain employment at a comparable rate as he had with ADP, Inc.
 {¶ 31} Furthermore, even if Frank was having difficulty paying both his living expenses and support obligation, he could have sought relief from the trial court, i.e. a modification. Instead, he quit his job and tried to go into business for himself. Without anything else in the record, we cannot find that the trial court abused its discretion in determining Frank was voluntarily underemployed.
 {¶ 32} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.